IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

A.D.

                Plaintiff,

v.                                                      CIVIL ACTION NO. 2:22-cv-00432

ANTHONY DEMETRO, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Robert Arnold's ("Arnold") Motion to Dismiss. (ECF No. 15.) For the reasons stated herein, the motion is **GRANTED**.

        **I.     BACKGROUND**

This matter arises out of incidents where Defendant Anthony Demetro ("Demetro") allegedly sexually harassed and assaulted Plaintiff while acting as her West Virgina Division of Corrections and Rehabilitation ("WVDCR") parole officer. (*See* ECF No. 1.) According to the Complaint, Plaintiff was on supervised parole, and Defendant Demetro was assigned to supervise Plaintiff. (*Id.* at 3, ¶ 7.) Plaintiff claims that Defendant Demetro sexually harassed and sexually assaulted her while he was on duty as her patrol officer. (*Id.* at 4, ¶¶ 10, 12.)

The Complaint identifies Defendants David Jones ("Jones"), Matthew Currence ("Currence"), and Arnold as supervisors of Defendant Demetro. (*Id.* at 2–3, ¶¶ 3–5, 8–9.) Specifically, Plaintiff states that Defendant Jones was the Regional Director of Parole, Defendant

Currence was "a senior supervisor for West Virginia parole officers, including Defendants [] Demetro and Defendant [] Jones," and Defendant Arnold was the "Director of Parole Services, as well as the most senior in the chain of command of supervisors for defendants DeMetro, Jones and Currence," and had the "ultimate supervisory authority[.]" (*Id.* at 2–3, ¶¶ 3–5, 9.) Yet, according to Plaintiff, Defendants Jones, Currence, and Arnold failed to properly supervise Defendant Demetro. (*Id.* at 4, ¶ 11.)

Plaintiff filed the present lawsuit on October 5, 2022, against Defendants Demetro, Jones, Currence, and Arnold. (*See generally id.*) Plaintiff asserts three 42 U.S.C. § 1983 claims against Defendants Demetro and Jones, as well as a supervisory liability claim under § 1983 claims against Defendants Jones, Currence, and Arnold. (*Id.* at 6–12, ¶¶ 22–53.)

Defendant Arnold filed the pending Motion to Dismiss, (ECF No. 15), on November 21, 2022. Plaintiff filed a response, (ECF No. 21), and Defendant Arnold filed a reply, (ECF No. 24). As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

Defendant Arnold moves to dismiss Plaintiff's supervisory liability claim against him, arguing that "there is no 'supervisory liability' under 42 U.S.C. § 1983, as *respondeat superior* cannot form the basis of a claim asserted under the statute." (ECF No. 16 at 5 (citing *Green v. Rubenstein*, 2010 U.S. Dist. LEXIS 52535, *10-11 (N.D. W. Va. April 19, 2010).) However, as Plaintiff correctly notes, she has asserted a supervisory liability claim, (ECF No. 21 at 5), which can undoubtedly form the basis of a claim asserted under § 1983, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Nevertheless, as discussed more fully below, Plaintiff has not plead sufficient facts to state a supervisory liability claim against Defendant Arnold.

In order to succeed on a § 1983 claim for supervisory liability, a plaintiff must show the following three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

3

> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).

As to the first element, "[e]stablishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.* As to the second element, a plaintiff "may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." *Id.* (internal quotation marks omitted). Finally, as to the third element, "proof of causation may be direct . . . where the policy commands the injury of which the plaintiff complains . . . or may be supplied by the tort principle that holds a person liable for the natural consequences of his actions." *Id.* (internal quotation marks and alterations omitted).

Here, Plaintiff claims that Defendant Demetro subjected Plaintiff "to constant and numerous instances of unwanted and illegal sexual advances, abuse, intimidation, exploitation, harassment and coercion," which included "unwanted touching" and "forcing Plaintiff to watch [him] perform sex acts on himself." (ECF No. 1 at 4, ¶ 12.) While this allegation may be sufficient to show that Defendant Demetro's conduct posed a "pervasive and unreasonable risk," Plaintiff does not allege sufficient facts to show that Defendant Arnold had actual or constructive knowledge of Defendant Demetro's conduct.

Rather, Plaintiff only claims that Defendant Arnold "had actual knowledge that . . . Plaintiff was exposed to sexual abuse and mistreatment by Defendant [] Demetro," and "had notice of a

4

pattern of unconstitutional acts . . . including inadequate supervision" of Defendant Demetro.[1] (*See id.* at 10, ¶¶ 44, 46.) However, these are legal conclusions, which are not considered on a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Additionally, Defendant Jones allegedly ordered Plaintiff to delete video evidence of Defendant Demetro's conduct, which she did. (ECF No. 1 at 4–5, ¶ 14). In fact, Plaintiff states that, "[a]fter the FBI began investigating Defendant Demetro, Defendant Jones engaged in a prolonged period of intimidation and coercion directed against Plaintiff," (*id.* at 5, ¶ 17), and was subsequently charged with a violation of 18 U.S.C. § 1512(b)(3) for this conduct, (*id.* at 5–6, ¶ 18). Given that the Complaint is devoid of any factual allegations that Defendant Arnold had actual or constructive knowledge of Defendant Demetro's conduct (or the alleged failure to supervise Defendant Demetro by Defendants Jones and Currence) and further claims that Defendant Jones actively covered up Defendant Demetro's conduct, Plaintiff has failed to satisfy the first element of a § 1983 claim for supervisory liability.

Accordingly, Defendant Arnold's Motion to Dismiss is **GRANTED**.[2]

### IV. CONCLUSION

---

[1] Plaintiff also states that "[u]pon information and belief, multiple female victims of DeMetro reported, or attempted to report the abuse to the defendant supervisors." The Court takes judicial notice of its own docket. *See* Fed. R. Evid. 201; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citation omitted); *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (explaining that a district court may "properly take judicial notice of its own records"). However, Defendant Arnold was not named as a defendant in any of those cases. *See A.M. v. Demetro*, 2:22-cv-00421 (ECF No. 41); *K.S. v. Demetro*, 2:22-cv-00422 (ECF No. 42); *C.T. v. Demetro*, 2:22-cv-00423 (ECF No. 40); *D.W. v. Demetro*, 2:22-cv-00424 (ECF No. 39). Thus, these cases do not support Plaintiff's claim against Defendant Arnold.

[2] Defendant Arnold also moved to dismiss Plaintiff's supervisory liability claim against him because he is entitled to qualified immunity. (ECF No. 16 at 6 – 12.) Because Plaintiff failed to state a claim for supervisory liability under Federal Rule of Civil Procedure 12(b)(6), the Court declines to address this argument.

For these reasons, Defendant Arnold's Motion to Dismiss, (ECF No. 15), is **GRANTED**, and Plaintiff's supervisory liability claim under 42 U.S.C. § 1983 is **DISMISSED** as it relates to Defendant Arnold. The Court further **DISMISSES** Defendant Arnold from this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 31, 2023

_____

THOMAS E. JOHNSTON, CHIEF JUDGE